In the Matter of the Probate of the Will of CLARENCE HARGETT, Deceased.

Surrogate's Court, New York County, November 10, 1948.

*Herman C. Stoute* for Louise Bolin, petitioner.

*Eugene Schwartz* for Amos Hargett, respondent.

DELEHANTY, S. In this contested probate proceeding the parties are in agreement that deceased duly executed his will on August 1, 1945, and that the copy attached to the probate papers is a true copy of the original will then executed. Testimony respecting such execution was taken by the court and it finds that at the date stated deceased was competent to make a will; that he subscribed his original will in text exhibited by the copy attached to the probate file; that he published his will to the witnesses whose names are signed to such copy; and that they thereafter subscribed their names as witnesses at the end of the will under the attestation clause. The court further finds that the original will was delivered to deceased.

The petition for probate asserts that the will of the testator was in existence at the date of his death and asks that the will

as drawn be established as the last will of deceased in the text supplied by the copy. Contestants assert that the will was not in existence at the date of death and that the presumption of revocation by the deceased himself must be implied by the court with resultant denial of probate.

For years deceased maintained a household for himself, for his sister, the proponent, and for a young woman whom he apparently had raised and who was known as his daughter though in fact apparently not related to him. The instrument propounded as his will states that this young woman is the beneficiary of certain pension rights of deceased. Otherwise it makes the proponent sister the beneficiary of deceased's assets.

In behalf of proponent it is asserted that the will and other valuable papers of deceased and of proponent were kept in a box in the apartment of deceased and that the will was there undisturbed at the time deceased died suddenly in a hospital. For the contestants a substantial body of proof was presented (without objection) designed to show that the proponent admitted that she destroyed the will in the lifetime of deceased, without his knowledge or consent, and that deceased later became aware of such destruction and declared his intention to make a new will.

Since our statute expressly requires that the destruction of a written will be by the act of "the testator himself" or that the act be done "by another person in his presence, by his direction and consent" and since our statute further requires that in the second stated circumstance "the direction and consent of the testator, and the fact of such injury or destruction should be proved by at least two witnesses" it became obvious that the testimony offered by the contestants designed to establish revocation did not meet the test of the statute (Decedent Estate Law, § 34).

It is clear from a letter in evidence (proponent's exhibit 2) that the collaterals of deceased were irked by the provisions for the young woman whom deceased treated as a daughter and that they were engaged in an effort to defeat her rights. Some significant bits of testimony given by the witnesses for the contestants confirms the view entertained by the court when it listened to such witnesses that they were fabricating the stories about supposed admissions of the proponent concerning her destruction of the will and supposed declarations of deceased respecting his knowledge of such destruction. The court's view is that the testimony of the proponent herself is truthful and that it is intrinsically worth far more than that given by the whole group of witnesses for the contestants.

Either view of the happenings respecting the original paper suffices to negative the presumption of revocation upon which contestants now rely. The court finds that the will was in existence in a box in deceased's home after he had died. The court finds that the will was either inadvertently misplaced or was abstracted by one of the collaterals of deceased and that its nonproduction is thus satisfactorily explained.

Being satisfied that the will had been properly executed and that the paper offered as a copy correctly states the text of the original instrument the court directs that the will of deceased be admitted to probate in the text of the copy.

Submit, on notice, decree accordingly.